IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-cr-00104-MSK-GPG

**UNITED STATES OF AMERICA**

      Plaintiff,

v.

1. **HUENG YU WONG,**
2. **LONG LUONG,**
a/k/a "Peter"
3. **GUOYING TANG,**
   a/k/a "Connie

      Defendants.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Jeremy Chaffin, Assistant United States Attorney for the District of Colorado, and the defendant Guoying Tang, personally and by counsel, Lynn Pierce, submit the following Plea Agreement pursuant to 11(c)(1)(B) of the Federal Rules of Criminal Procedure and District Court of Colorado Local Rule 11.1.

### I. AGREEMENT

1. The defendant agrees to (1) plead guilty to Counts 1 and 7 of the Indictment, charging a violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), and 846, conspiracy to manufacture and possess with intent to distribute 1000 or more plants of marijuana; (2) cooperate with the government, as detailed below; (3) waive her appellate rights, as detailed below; and (4) admit the notice of forfeiture, as detailed below.

EXHIBIT 1

2. In exchange, the government agrees to dismiss the remaining counts against the defendant in the Indictment. Additionally, the government agrees not to seek a two-level increase, under guideline §2D1.1(b)(1), based on the co-defendants' possession of firearms.

3. Provided the defendant meets the criteria for safety valve, as detailed below, the government agrees to recommend that the defendant be given a two-level reduction pursuant to guideline § 2D1.1(b)(17).

4. Finally, provided the defendant does not do anything that is inconsistent with accepting responsibility prior to sentencing, the government agrees that at the time of sentencing the defendant shall be awarded, without further motion, the additional one-level reduction for acceptance of responsibility pursuant to guideline § 3E1.1(b).

### A. Cooperation

5. The defendant agrees to provide truthful, complete, and accurate information, and agrees to cooperate fully with the government. Deliberate falsehoods or misinformation provided during her cooperation with the government would be grounds for rescission of the plea agreement as well as possible further prosecution for perjury or false statements. This cooperation will include, but is not limited to, the following:

   a. The defendant agrees to be fully debriefed, and to attend all meetings, hearings, and trials at which her presence is requested, concerning her participation in and knowledge of all criminal activities.

   b. The defendant agrees to furnish to the government all documents and other material that may be relevant to the investigation and that are in the defendant's possession or control.

 c. The defendant agrees that she will at all times give complete, truthful, and accurate information and testimony and that she will fully and truthfully disclose all information with respect to the activities of herself and others concerning all matters about which the government inquires.

 d. The defendant consents to postponements of her sentencing, as requested by the government and as approved by the Court.

6. In further consideration of this plea, if the United States Attorney's Office for the District of Colorado determines, in its sole discretion, that the defendant has cooperated fully, provided substantial assistance to law enforcement authorities, and otherwise complied with the terms of this agreement, the Government, at the time of sentencing, will file a motion with the sentencing Court pursuant to Section 5K1.1 of the Sentencing Guidelines. This motion will permit the Court, in its discretion, to impose a sentence below the applicable Sentencing Guidelines range.

7. It is understood that the Government's determination of whether the defendant has cooperated fully and provided substantial assistance, and the Government's assessment of the value, truthfulness, completeness, and accuracy of the cooperation, are within the Government's sole discretion. The parties further understand and agree that the decision of whether to file a 5K1.1 motion is entirely within the discretion of the Government. Moreover, the defendant shall not be entitled to withdraw her plea if the Government determines that she has not fully cooperated and elects not to file the above-described motion.

8. The defendant's full cooperation is not yet complete. However, in consideration of this proposed cooperation, and pursuant to Section 5K1.1 of the Sentencing

Guidelines, the Government states its intention to recommend a departure of up to **30%** from the low-end of the applicable guideline range.

9. The nature and extent of the defendant's cooperation, as well as the final request for departure, will be set forth in the 5K1.1 motion or will be disclosed at the time of sentencing.

10. The parties recognize that any 5K1.1 departure requested by the Government will be only a recommendation to the Court. The ultimate question of whether a 5K1.1 departure motion should be granted, and the amount of the departure will rest solely within the discretion of the sentencing Court.

11. The defendant also acknowledges that she will not be able to withdraw her guilty plea in the event the Court elects not to grant any downward departure request or rejects the amount of the departure requested by the Government.

12. The parties understand and agree that in the event the agreement represented herein is not accepted by the Court, is not entered into by the defendant, or the defendant fails to meet her obligations pursuant to this plea agreement, the government will proceed with the prosecution of the defendant according to the law, which may include obtaining superseding indictments and filing additional charges, if applicable. *See Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987) (agreement void and government permitted to reinstate original charges when defendant failed to completely fulfill his obligations pursuant to the plea agreement).

B. Safety Valve

13. Based on the information known to the parties at this time, the parties believe that the defendant qualifies for the "safety valve," under guideline § 5C1.2 and the

statute permitting the court to impose a sentence within the sentencing guidelines range without regard to any statutory minimum sentence, provided that:

    a. the defendant is not found to have more than one criminal history point, as determined under the sentencing guidelines; and

    b. not later than the time of the sentencing hearing, the defendant provides to the United States a statement truthfully setting forth all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan as charged in the indictment.

14. It is understood that the Court's determination of whether the defendant qualifies for the "safety valve" provisions is within the Court's sound discretion. Moreover, the defendant shall not be entitled to withdraw her plea if the Court determines that she has not satisfied the prerequisites for application of the "safety valve" factors in his case.

### C. Appellate Waiver

15. The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 23; or (3) the government appeals the sentence imposed. If any of

these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

16. The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## D. Forfeiture

17. The defendant agrees to forfeit her right to the United States immediately and voluntarily any and all property, or portions thereof, subject to forfeiture, pursuant to Title 21, United States Code, Section 853, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to, the following:

(1)     One Beretta 9mm handgun, serial number B83658Y.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.

18. The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis to establish that the requisite nexus exists between the specific property subject to forfeiture and the offense to which

6

defendant is pleading guilty. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the Court find that the government has established the requisite nexus and enter a preliminary order of forfeiture.

19. In addition to forfeiture, the defendant further agrees to relinquish all claim, title and interest she has in the seized firearms and ammunition to the United States.

## II.  ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offenses to which this plea is being tendered are as follows:

**First:**   Two or more person agreed to violate the federal drug laws;

**Second:**   The defendant knew the essential objective of the conspiracy;

**Third:**   The defendant knowingly and voluntarily involved herself in the conspiracy;

**Fourth:**   There was interdependence among the members of the conspiracy; and

**Fifth:**   The overall scope of the conspiracy involved at least 1000 plants of marijuana.[1]

## III.  STATUTORY PENALTIES

The maximum statutory penalty for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), and 846 is: not less than ten (10) years of imprisonment and not more than life imprisonment, not more than a $10,000,000 fine, or both; not less than five (5)

---

[1] 10th Cir., Criminal Pattern Jury Instructions, No. 2.87 (2011).

years supervised release and not more than a lifetime of supervised release; and a $100 special assessment fee.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may also cause the defendant to be deported or confined indefinitely if there is no country to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have

stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree that the date on which relevant conduct began is no later than September 18, 2016.

The parties agree as follows:

On September 18, 2016, agents from the Drug Enforcement Administration were informed of a large marijuana grow operation in Rifle, Colorado. Agents confirmed the existence of this grow and began surveillance. The grow was located on property owned by co-defendant Heung Yu Wong.

On September 19, 2016, agents observed numerous individuals in the grow harvesting marijuana plants and loading them into a large truck. Shortly thereafter, agents observed many of these individuals attempting to flee from the grow. Agents detained a number of the individuals in the grow, including the defendant and her husband, co-defendant Long Luong.

Following execution of a search warrant at the location, agents discovered 2420 large, mature marijuana plants in the grow. The defendant conspired with the co-defendants, and others, to cultivate and harvest this marijuana for illegal distribution.

On September 20, 2017, the defendant again conspired with her husband, co-defendant Long Luong, and others to cultivate and harvest a large field of marijuana in southwestern Colorado. The defendant, working with others, harvested this field and loaded it onto two large trucks. On September 23, 2017, one of the two trucks was intercepted by law enforcement and discovered to contain a significant quantity of

freshly harvested marijuana that would result in at least 50 KG of usable marijuana. This truck was destined for a warehouse located in Grand Junction, Colorado, where the defendant, her husband, and others were cultivating 1034 marijuana plants for later distribution.

As part of the investigation, a search warrant was also executed at the defendant's home in Grand Junction, Colorado, which she shared with her husband. Inside the defendant's home, agents discovered a marijuana grow containing 179 marijuana plants. The defendant and her husband cultivated these plants for further illegal distribution. Also located in the home, hidden in a clothes hamper in the master bedroom, agents discovered a Beretta 9mm handgun.

The parties agree that the defendant's relevant conduct involves between 400KG and 700KG of marijuana.

## VI.  ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A. The base guideline is § 2D1.1(a)(5), with a base offense level of 26.

B. The defendant should receive a two-level increase for maintaining a premises for the purpose of manufacturing marijuana. § 2D1.1(b)(12).

C. Provided that, pursuant to guideline § 5C1.2, the defendant qualifies for safety valve, the defendant should receive a two-level reduction. § 2D1.1(b)(17).

D. The adjusted offense level therefore would be 26.

E. Provided the defendant does not do anything that is inconsistent with the acceptance of responsibility prior to sentencing, the defendant should receive a three-level reduction for timely acceptance of responsibility. The resulting offense level therefore would be 23.

F. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, it is estimated that the defendant's criminal history category would be I.

G. The career offender/criminal livelihood/armed career criminal adjustments would not apply.

H. The advisory guideline range resulting from these calculations is **46-57 months**. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 46 months (bottom of Category I) to 115 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction. There is a mandatory minimum sentence of **120 months** for this offense. Therefore, if the defendant is not eligible for a sentence below the statutorily required

11

sentence, the mandatory minimum sentence of 120 months would apply. § 5G1.1(b).

I. Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $20,000 to $200,000, plus applicable interest and penalties.

J. Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is at least two (2) years, but not more than five (5) years. However, if the defendant is not eligible for a sentence below the statutorily required sentence, the mandatory minimum period of supervised release of five (5) years would apply. § 5D1.2(c).

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 10/3/18

GUOYING TANG
Defendant

Date: 10/3/18

LYNN PIERCE
Attorney for Defendant

Date: 12/10/18

JEREMY CHAFFIN
Assistant United States Attorney