**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  18-cr-00104-MSK-GPG

**UNITED STATES OF AMERICA**

       **Plaintiff,**

v.

1.  HUENG YU WONG,
2.  LONG LUONG,
a/k/a "Peter"
**3.  GUOYING TANG,**
  a/k/a "Connie

       Defendants.

---

**MOTION FOR VARIANT SENTENCE**

---

COMES NOW Guoying Tang (Ms. Tang), through counsel Lynn Pierce and respectfully moves this Court to impose a variant sentence of time served or twelve (12) months and one (1) day imprisonment. Such a sentence is "sufficient, but not greater than necessary" to achieve the purposes of sentencing as set forth in 18 U.S.C. §3553(a).

**PROCEDURAL HISTORY**

1.    On December 10, 2018, Ms. Tang pleaded guilty to Counts 1 and 7 of the Indictment, charging violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), and 846, conspiracy to manufacture and possess with intent to distribute 1000 or more plants of marijuana.

## PERSONAL HISTORY

2.   Ms. Tang is 52 years old and is of Chinese descent but was born in Vietnam where she and her family resided until approximately 1978.  Ms. Tang recalls her father working for the government and living in a primitive simple wood and concrete home in northern Vietnam. Anti-Chinese sentiment began to develop after the United States' withdrawal due to the fall of Saigon. Ms. Tang recalled feeling like a refugee as they were forced to leave the country and travel by bus into China.[1]

3.   Ms. Tang's education is limited.  She attended the first and second grade in Vietnam and an additional three years of school in China.  In 5th grade had to drop out when her mother became ill and the family could no longer pay.

4.   Ms. Tang's childhood in China was a mired in poverty and depair.  The Chinese government provided monthly rice rations and housing. Meals consisted of water-diluted rice in the morning and regular rice in the evening with a government ration of pork once per week.  To help support her family, Ms. Tang began working at a tea leaf plantation but her family continued to be very poor.

5.   Ms. Tang remained in China for 17 years where she married and gave birth to her oldest daughter, who is now 23.  She and her husband moved to South Africa for 5 years to work in a Chinese-owned factory where she taught the local Africans how to sew.  Her son (now 18) was born in South Africa.  Ms. Tang and her ex-husband moved to the United States in 2001 where they had two more children, now 12

---

[1] In 1979, Chinese forces entered northern Vietnam and captured several cities near the border. A year-long war ensued until Chinese troops withdrew from Vietnam, claiming victory. *Deng Xiaoping's Long War: The Military Conflict between China and Vietnam, 1979-1991*. University of North Carolina Press, See also Sino-Vietnamese War – Wikipedia, https://en.wikipedia.org/wiki/Sino-Vietnamese_War

and 9.  Both of these children are U.S. citizens.

6.      Because of the one child rule in China, Ms. Tang and her first husband attempted to obtain asylum in the U.S. but were denied.  Ms. Tang got divorced in 2011 and then married co-defendant Long Luong, who is a U.S. citizen.  She again attempted to obtain citizenship but was denied.

7.      All of Ms. Tang's children live in Colorado.  Her three younger children live in Grand Junction.  The oldest daughter worked three jobs and put herself through the University of Colorado, where she graduated this last year.  She now works full time in the Centennial and plans on obtaining parental responsibility for her two minor siblings because of the impending deportation of Ms. Tang and so that the siblings can stay together for support.

8.      Ms. Tang has no criminal history.  She has a 5th grade education and her English is limited. Her understanding of the complicated legal layers of marijuana cultivation is also limited.  As indicated in the PSIR, Ms. Tang was advised by her husband that he had a license to grow marijuana.  Being arrested and then released with others at one of the grow sites in 2017 served to confirm in her mind that the grows were legal in Colorado.

9.      It is well-established that ignorance of the law is no defense.  However, for mitigation purposes, it is foreseeable that some people, especially those not educated in the law and from another country, could believe that, because Marijuana use is legal in Colorado, its cultivation is legal.

10.     As far as any future for Ms. Tang, the impending banishment from the U.S. is devastating for her and her children.  She will likely be sent to China. Starting

over at her age without her children or husband, Ms. Tang believes her life is virtually over.

11. How did Ms. Tang become involved in an illegal grow in Colorado? Her 23-year-old daughter believes her conduct was in part due to her general lack of sophistication and her loyalty to her husband.

12. The plea agreement and the PSIR contend that Ms. Tang qualifies for "safety valve," under guideline § 5C1.2 which would allow the Court to impose a sentence within the sentencing guidelines range without regard to any statutory minimum sentence. In addition, the government has indicated it will move for a departure pursuant to Section 5K1.1 of the Sentencing Guidelines.

## IMPENDING DEPORATION

13. While prior precedent rejected deportability as a permissible and sufficiently extraordinary basis for variance, the Supreme Court in *Gall v. United States*, 552 U.S. 38 (2007) rejected the "appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." 552 U.S. at 47. The Tenth Circuit later relied on *Gall* and found that courts are "allowed to contextually evaluate each § 3553(a) factor, including those facts the relevant guideline(s) already purport to take into account, even if the facts of the case are less than extraordinary." *See United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008). It is therefore permissible for a court to consider the "ordinary" factor of deportability in its consideration of the motion for variance.

14. Ms. Tang and her family struggled to find a country where they would belong and make a living. Like most immigrants, she came to the United States

seeking a better life for herself and her children.

### A DOWNWARD VARIANCE IS APPROPRIATE IN CONSIDERATION OF MS. TANG'S BACKGROUND AND THE CIRCUMSTANCES OF THIS CASE

15. Ms. Tang pleaded guilty to conspiracy to manufacture and possess with intent to distribute 1000 or more plants of marijuana. The penalty of deportation is almost inextricably linked to this criminal conviction, with a corresponding effective restriction from ever re-entering this country. *See United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *3 (E.D.N.Y. Sept. 24, 2014) ("The 'drastic measure' of deportation or removal . . . is now virtually inevitable [as a result of] changes to our immigration law[s]." (quoting *Padilla v. Kentucky*, 559 U.S. 356, 360 (2010))). The dissolution of her family unit is a near certainty if general practice is followed by immigration authorities.

16. A variance is a divergence from the Guidelines recommendation based on factors outside the Guidelines framework. Section 3553(a) requires determining a sentence with a view toward Congress's purposes of punishment. Thus, under advisory Guidelines, courts must consider "the nature and circumstances of the offense and the history and characteristics" of the offender and the various types of sentence available, including imprisonment, fines, or probation. The court must take account of "the need to avoid unwarranted sentence disparities" among similarly situated defendants.

17. On the date of sentencing, April 2, 2019, Ms. Tang will have a total of 370 days presentence confinement. The sentencing factors combined with additional considerations set forth in 18 U.S.C. § 3553(a) warrant a variant sentence to 12 months and 1 day or time served. Such a sentence is sufficient, but not greater than necessary,

to accomplish the goals of sentencing as outlined in 18 U.S.C. § 3553(a) and will serve as a deterrent for future criminal behavior by Ms. Tang and others.

WHEREFORE, Ms. Tang respectfully requests that the Court sentence her to a term of time served or twelve (12) months and one (1) day imprisonment.

Respectfully submitted,

This the 15th day of March, 2019.

                                          BUTLER, LANDRUM & PIERCE, P.C.

                                          s/ Lynn Pierce
                                          Lynn A. Pierce #18953
                                          720 Kipling Street, Suite 201
                                          Lakewood, CO  80215
                                          (303) 232-3888
                                          lpierce.blp@comcast.net
                                          **ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2019, I served a copy of the foregoing via CM/ECF on all interested parties.

                                            s/ Lynn Pierce